UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 01-4772

JERMICHAEL DESPER,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-112)

Submitted: March 21, 2002

Decided: April 8, 2002

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jermichael Lamar Desper appeals his conviction and 157-month term of imprisonment that consists of 97 months for possession with intent to distribute cocaine base (21 U.S.C.A. § 841(a)(1) (West 2000)), and 60 months for possession of a firearm in connection with a drug offense (18 U.S.C.A. § 924(c)(1)(A) (West 1994 & Supp. 2001)). Finding no error, we affirm.

Desper challenges the district court's decision to admit the proffered expert testimony of Detective Greg Young. At trial, Young testified to his role in the investigation into Desper's activities and the conclusions he reached. Based upon Young's experience in drug-related cases, the district court also qualified Young as an expert witness and admitted his testimony regarding the characteristics of the drug trade. Young stated that a typical drug dealer is found with "money, scales, firearms, containers they keep the drugs in, the drugs themselves, ledgers, . . . pagers and cell phones." (JA 108). In the instant case, Young testified that Desper resembled a typical drug dealer for three reasons: (1) he carried a small amount of crack cocaine on his person and kept a larger stash in a second location, (2) he possessed a firearm, and (3) he was found with a large amount of cash.

We hold that the district court properly admitted Young's expert testimony as descriptive of the shared characteristics of a typical drug dealer and Desper. This court will review a district court's evidentiary rulings, including the decision to admit or exclude expert evidence, for an abuse of discretion. *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In the context of drug cases, this court has also repeatedly upheld the admission of expert testimony from law enforcement officers, especially about the methods of drug deal-

ers. *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994). Here, Young's testimony mirrors that which this court has already upheld as an expert characterization of a typical drug dealer. Therefore, the district court did not abuse its discretion when it admitted Young's testimony comparing Desper to the typical drug dealer.

Desper also contends that the district court erred in admitting the testimony of two individuals who described prior drug deals committed by Desper. Specifically, Desper objects to the testimony of Emmanuel Friesson, a confidential informant who allegedly made two controlled buys from Desper prior to the instant charges, and Officer Mark Chapman, a former member of a drug task force who monitored the two controlled buys. Desper argues that the testimony related to prior bad acts that should have been excluded pursuant to Rule 404(b) of the Federal Rules of Evidence.

A district court may admit evidence of other crimes, wrongs, or acts for the purpose of proving intent, but not to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b); *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997) (providing test). Our review of the admission of Rule 404(b) evidence is limited to a review for abuse of discretion. *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988).

Here, the testimony at issue was admissible under Rule 404(b) to show Desper's intent to distribute cocaine base. We find that Friesson's testimony satisfies the *Queen* test because it is relevant to Desper's intent to distribute cocaine base, which is an element of the crime charged, and was substantiated by Chapman's corroborative testimony.* Furthermore, as required by Federal Rule of Evidence 403, its probative value was not substantially outweighed by its prejudicial nature. Therefore, the district court did not abuse its discretion in admitting this testimony.

Finally, Desper argues that his sentence should be reversed because the disparity between crack and powder cocaine sentences is irrational

---

*Chapman testified only at the motions hearing and not at the trial. His testimony at the motions hearing merely substantiated Friesson's role in the controlled buys and his cooperation with law enforcement.

and unconstitutional. We have consistently held that this sentencing disparity is valid. *United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996) (en banc); *United States v. Fisher*, 58 F.3d 96 (4th Cir. 1995); *United States v. Jones*, 18 F.3d 1145 (4th Cir. 1994); *United States v. D'Anjou*, 16 F.3d 604 (4th Cir. 1994). Therefore, Desper's argument fails.

Accordingly, we affirm Desper's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*